McELROY vs. EAU CLAIRE LUMBER COMPANY.

*February 20 — March 13, 1883.*

*Evidence — Immaterial error.*

In an action to recover for services at the rate of $32 per month, the defendant claimed that by agreement the plaintiff was to receive but $24 per month if he left before a certain time. Plaintiff, who had left before that time, denied such agreement and testified, against objection, that when he applied for his pay he was told by the defendant's cashier that it was the rule of the yard to dock men twenty-five per cent. of their wages if they left before the end of the season. *Held*, that the admission of such evidence, if error, could not have prejudiced the defendant, and will not, therefore, work a reversal of a judgment in favor of the plaintiff.

APPEAL from the Circuit Court for *Eau Claire* County. The case is stated in the opinion.

The cause was submitted for the appellant on the brief of *H. H. Hayden* and *W. P. Bartlett.*

For the respondent there was a brief by *Meggett & Teall,* and oral argument by *Mr. Meggett.*

COLE, C. J. The question in this case is mainly one of fact. The action is to recover the balance alleged to be due for wages. The defendant company claimed that it made a special contract with the plaintiff by which he agreed to work for it the entire sawing season of 1880 for $32 per month, and in case he quit his employment, without a just cause, before the end of the season he was to receive only $24 per month for the time he should work. The plaintiff claimed that he was to receive $32 per month for the time he should work, and that he did not agree to work for any particular time. There was no dispute on the trial but that the plaintiff had been paid at the rate of $24 per month for the time he served; nor about the fact that he quit his employment, without any just cause or reason, before the end of the sawing season. These facts are admitted. But the real question litigated was whether the plaintiff agreed to work the entire sawing season for the stipulated wages of $32 per month, and, if he did not, was to be subject to a deduction of twenty-five per cent. from such wages. This question of fact, together with the evidence relating to the same, was submitted under proper instructions, and the jury found for the plaintiff. The jury having found the contract of employment to be as claimed by the plaintiff, there can be no doubt as to his right to recover the balance of his wages.

An exception was taken to the ruling of the court permitting the plaintiff to testify as to the statements made to him by the cashier of the defendant when he applied for his pay. The witness said the cashier told him that it was the rule of the yard to dock men twenty-five per cent., and that he replied to the cashier he knew nothing about that rule. The

court ordered the last part of this answer to be stricken out, because not responsive to the question asked. We are unable to perceive how the defendant could have been prejudiced by these statements of its cashier as to the rule of the yard. It was but stating in another way the defense relied on in the answer to the payment of plaintiff's claim. It is true, the cashier did not state the grounds or reasons for refusing payment as fully as they are set forth in the answer, but they were essentially the same. The cashier said in substance to the plaintiff, when he demanded the balance of his wages, that, by the rule of the yard, or the conditions of his employment, he was subject to a deduction of twenty-five per cent. from his wages; therefore nothing was due him. Now, if we assume, as we may do, that the cashier could not make statements or admissions on the subject which would bind his principal, still we are unable to see that his reasons given for refusing payment could work injury to the defendant. They were certainly the same reasons stated in the answer or reasons consistent with its defense. This disposes of all questions in the case which we deem it necessary to notice.

*By the Court.*— The judgment of the circuit court is affirmed.